NATIONAL BUSINESS SYSTEMS, INC., et al., Plaintiffs,

v.

AM INTERNATIONAL, INC., Defendant.

NATIONAL BUSINESS SYSTEMS, INC., et al., Plaintiffs,

v.

AM INTERNATIONAL, INC., et al., Defendants.

Nos. 80 C 4915, 81 C 6227.

United States District Court, N.D. Illinois, E.D.

Jan. 24, 1986.

Melvin F. Jager, Willian, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, Ill., Edward S. Irons, Memel, Jacobs, Pierno, Gersh & Ellsworth, Washington, D.C., on behalf of plaintiff Nat. Business Systems.

Raymond P. Niro, Joseph N. Hosteny, Niro, Scavone, Haller & Niro, Ltd., Chicago, Ill., on behalf of defendant AM Intern.

## ORDER

BUA, District Judge.

Before the Court is defendant AM International's (AM) motion pursuant to Fed.R. Civ.P. 37, for an order compelling discovery

and for award of expenses of motion. For the reasons stated herein, AM's motion to compel is granted in part and denied in part. AM's motion for award of expenses is granted in part and the Court orders plaintiff NBS to pay one half (½) of AM's reasonable expenses, including attorneys' fees, incurred in relation to the motion. NBS' motion in limine is denied.

## I. DISCUSSION

Pursuant to Fed.R.Civ.P. 37, defendant AM brings this motion to compel answers to its written interrogatories and to make certain documents available. On October 22, 1984, AM served NBS with written interrogatories and requests for production of documents seeking information relevant to damages. On August 12, 1985, NBS served AM with objections to all of its interrogatories and to all of its document requests.

NBS objects generally to AM's written interrogatories on the basis that, under AM's "lost profits" theory of damages, AM may not obtain discovery of NBS' profits for the infringing imprinters until or unless AM proves causation between NBS' infringement and AM's lost sales. AM counters that the issue regarding causation is one for trial and is not a bar to discovery of NBS' profits for the infringing imprinters.

■ The Court agrees with the defendant AM. Under the applicable cases from the Federal Circuit Court of Appeals, when a patent owner would have made the sale of a product "but for" the infringement, the award based on his lost profits is appropriate. *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 863 (Fed.Cir. 1985); *Kori Corp. v. Wilco Marsh Buggies & Draglines*, 761 F.2d 649, 653 (Fed.Cir. 1985). Generally, a lost profits award requires (1) a showing that the patent owner would have made the sale but for the infringement, *i.e.*, causation existed, and (2) proper evidence of the computation on the loss of profits. *King Instrument*, 767 F.2d at 863. The patent owner's burden of proof is not absolute, but one of reasonable probability. *Id.*

The patent owner need not prove causation as a certainty. *Id.* at 864. Evidence which shows a reasonable probability that the patent owner would have made the sales made by the infringer will suffice. *Id.* The patent owner need not meet the impossible burden of negating every possibility that a purchaser might not have bought another product or might not have bought any comparable product at all. *Id.*

In its causation analysis in *King Instrument*, the Federal Circuit noted that the patent owner was the infringer's main competitor, as well as the only other company capable of manufacturing under the claims of the infringed patent. *Id.* In its causation analysis in *Kori*, the Federal Circuit cited the district court's conclusion that the patent owner directly competed for the sale of the infringing machines. *Kori*, 761 F.2d at 653. Although the infringer argued that there were noninfringing substitutes available, the Federal Circuit concluded that, from a buyer's perspective, the only acceptable substitute for the patented machines were the infringing machines. *Id.*

■ In light of the holdings in *King Instrument* and *Kori*, the Court finds that NBS' general objection to the written interrogatories and production requests is unfounded and therefore its refusal to answer was improper. It is clear from *King Instrument* and *Kori* that lost profits damages are available if causation is proved by the patent owner. It is also clear that Fed.R.Civ.P. 26 permits discovery of any material which is reasonably calculated to lead to admissible evidence. The Court finds no support for NBS' argument that the patent owner must prove causation before it can obtain discovery regarding the infringer's profits. In addition, the Court believes that NBS' interpretation of lost profits damages would unduly curtail discovery in contravention of Fed.R.Civ.P. 26.

Having disposed of NBS' general objection to AM's lost profits discovery, the Court turns to the specific objections to AM's written interrogatories and production requests. Most of these objections are

based on relevancy. Therefore, the Court will merely overrule or sustain NBS' objections. Where NBS' objections are overruled, NBS must answer the corresponding interrogatory and document request.

Objection No. 1 to Interrogatory No. 1 is overruled. Objection No. 2 is sustained. Objection No. 3 is overruled. All objections to Interrogatory No. 2 are overruled. The objection to Interrogatory No. 3 is overruled. All objections to Interrogatories Nos. 4 and 5 are sustained. Objections to Interrogatories Nos. 6 and 7 are overruled. Objections to Interrogatories Nos. 8 and 9 are sustained. Objections to Interrogatories Nos. 10 and 11 are overruled. Objection to Interrogatory No. 12 is sustained. Objections to Interrogatories Nos. 13, 14 and 15 are overruled.

The objection to Category No. 1 of AM's request for production of documents is overruled where the corresponding Interrogatory was overruled, and otherwise sustained. Objections to Categories Nos. 2, 3, 4, 6 and 7 are overruled. Objection to Category No. 5 is sustained.

■ NBS will have thirty (30) days to provide to AM answers to the interrogatories and document requests for which NBS' objections are overruled. In addition, under Fed.R.Civ.P. 37(a)(4), the Court may apportion the reasonable expenses incurred in relation to a motion to compel among the parties in a just manner. Since it found that NBS' general objection above was unfounded and its refusal to answer interrogatories was improper, the Court orders NBS to pay one half of AM's reasonable expenses, including attorneys' fees, incurred in relation to this motion.

■ In addition, NBS' motion in limine seeks to restrict lost profits damages to a time period prior to December 1, 1981, when AM sold the imprinting part of its business. However, under *King Instrument* and *Kori*, evidence of an infringer's profits beyond the period of alleged infringement can be relevant to a determination of damages. The fact that AM may not have been injured after December 1, 1981 goes to the weight of evidence of the infringer's profits and not to its relevance. Accordingly, NBS' motion in limine is denied.

## II. CONCLUSION

AM's motion to compel is granted in part and denied in part. AM's motion for an award of expenses is granted as to one half (½) of its reasonable expenses, including attorneys' fees, incurred in relation to the motion. NBS' motion in limine is denied.

IT IS SO ORDERED.